OPINION OF THE COURT
Herbert I. Altman, J.
Defendants’ motions to dismiss the indictment against them on the ground that the Grand Jury minutes are not legally sufficient are granted to the extent that count one, charging defendant Jae In Ko with forgery in the second degree (Penal Law § 170.10 [1]), and count three, charging defendants Jae In Ko and Sang Hwang with criminal possession of a forged instrument in the second degree (Penal Law § 170.25), are dismissed.
The evidence before the Grand Jury established that defendants operated a business in which counterfeit designer handbags and other goods were sold. The general operation of the business gives rise to count two, trademark counterfeiting in the second degree (Penal Law § 165.72). Counts one and three, however, are based solely on a single transaction which occurred on January 21, 1994. On that occasion, an undercover police officer purchased a counterfeit Fendi handbag from defendants Sang Hwang and Jae In Ko for $30. Prior to the purchase, the officer negotiated with Sang Hwang about a number of other bags. The defendant told the officer that if the latter wished, a counterfeit logo or insignia of the manufacturer could be glued on to the respective bag to make it more nearly resemble the legitimate article. After the officer paid for the counterfeit Fendi bag, the defendant affixed a Fendi logo to the outside of the bag in front of the officer.
The crime of forgery in the second degree requires an intent to "defraud, deceive or injure another.” Such intent was not established by the proof before the Grand Jury. To the contrary, it was clear from the testimony of the officer that he was not posing as one who was attempting to buy a genuine handbag, only to have defendants fraudulently sell him a counterfeit one, but that it was defendants’ belief that they were selling a counterfeit bag and logo to a purchaser who was well aware that he was purchasing a mere look-alike. As there was no attempt to dupe the officer as to the authenticity of the bag or the logo, the mens rea requirement of the statute is absent. Count one, for this reason as well as the reason discussed below, is dismissed.
Count one shares with count three a defect of another, but *694 no less serious kind. Both forgery in the second degree and criminal possession of a forged instrument in the second degree require that the actor alter
"a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
"1. A deed, will codicil, contract, assignment, commercial instrument, credit card * * * or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status” (Penal Law § 170.10).
Although it may not be impossible to squeeze the counterfeit handbag sold by defendants on January 21, 1994 into this definition by means of enterprising, if tortuous, parsing, it seems clear that these statutes were never intended to cover activity so far afield from the counterfeiting of written instruments, such as contracts and wills, and so manifestly within the ambit of those frauds which the trademark counterfeiting statutes (Penal Law § 165.70 et seq.) were later enacted to encompass. However broad the language of the clause concluding subdivision (1) of Penal Law § 170.10, the terms and examples which precede it logically limit its sense and scope to prohibit only the alteration of documents of like type under the principle of ejusdem generis (see, e.g, People v Illardo, 48 NY2d 408; People v Shapiro, 50 NY2d 747). I find, therefore, that a counterfeit handbag cannot be considered a written instrument as defined by the statute. Counts one and three are, accordingly dismissed.